UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:25-cr-00010 |
| | ) | CHIEF JUDGE CAMPBELL |
| | ) | |
| GUNNER JOSEPH FISHER | ) | |

## MOTION TO MODIFY CONDITIONS OF RELEASE

Through counsel, Mr. Fisher asks the Court to modify the conditions of his release so that he can gradually begin to re-integrate in the community while still being closely monitored by probation. In support of this motion, Mr. Fisher would show as follows:

1. Mr. Fisher moves the Court to modify the conditions of his release so that he may leave the residence for the following purposes upon receiving prior approval from his probation officer: to attend church services; to run errands with one of his parents (third party custodians), with the requirement that he remain in the physical presence of the parent at all times; to visit the homes of local family members, including his grandparents and aunts; and to go outside in the family yard for exercise, or to accompany a parent on local walking and hiking trails.

2. Mr. Fisher was arrested on December 19, 2024, and held in custody. On March 7, 2025, the magistrate judge placed Mr. Fisher on temporary release so that he could attend the Pasadena Villa Residential Program. (Doc. No. 36.) On April 17, 2025, the court amended the conditions of Mr. Fisher's release so that he could step

down to the Pasadena Villa Partial Hospitalization Program. (Doc. No. 44.) After Mr. Fisher successfully graduated from both the Residential and Partial Hospitalization Programs, the court agreed to place him on pretrial release with strict conditions of supervision. Throughout this process, Mr. Fisher complied with every restriction and requirement placed on him by the Court and by the Pasadena Villa program.

3. On June 2, 2025, Mr. Fisher was released from Pasadena Villa and placed on home incarceration under the third-party custodianship of his parents. (Doc. No. 50.) Condition (7)(r)(iii) defines home incarceration as being "restricted to 24-hour-a-day lock-down at your residence," except for "activities specifically approved by the court." (*Id.*)

4. On August 4, 2025, Mr. Fisher appeared before this Court and entered a plea of guilty to the indictment as charged. (Doc. No. 56.) After a hearing on the matter, the Court determined that Mr. Fisher "shall remain on his current conditions of release pending further order of the Court." (Doc. No. 57.)

5. On August 22, 2025, this Court granted Mr. Fisher's motion for a slight modification to the conditions of release. (Doc. No 59.) The order authorized Mr. Fisher to "be left at home alone for reasonable periods of time as needed to allow the attending parent to run errands, as long as the parent first provides notice and receives approval from Pretrial Services." (*Id.*)

6. Undersigned counsel has communicated with U.S. Pretrial Officer Alex Bolton. Mr. Bolton defers to the Court but notes that he has no concerns with the

requested amendments. He confirmed that Mr. Fisher has been fully compliant with every condition of his release and has caused no problems.

7. Defense counsel has also communicated about this motion Assistant U.S. Attorneys Zachary Hinkle and Emily Petro. Mr. Hinkle and Ms. Petro have no objections to this motion or the suggested language of the amendment.

For the reasons given above, Mr. Fisher asks that the release conditions, as ordered on May 29, 2025, at Document Number 50, and affirmed on August 4, 2025, be amended so that Condition 7(r)(iii) reads in its entirety as follows:

"You are restricted to 24-hour-a-day lock-down at your residence *and its curtilage*, except for:
- A. medical or mental health treatment, court appearances, or attorney visits, or
- B. with prior approval from Pretrial Services, attending religious services or community errands while in the presence of a third-party custodian, or
- C. with prior approval from Pretrial Services, engaging in off-site outdoor exercise in the presence of a third party custodian, or
- D. with prior approval from Pretrial Services and with accompaniment by a third party custodian, visiting the homes of local family-members who have been approved by Pretrial Services, or
- E. other activities specifically approved by the Court.

3

Respectfully submitted,

s/ *Mary Kathryn Harcombe*
MARY KATHRYN HARCOMBE
Assistant Federal Public Defender
810 Broadway, Suite 200
Nashville, TN 37203
615-736-5047
E-mail: MaryKathryn_Harcombe@fd.org

Attorney for Gunner Joseph Fisher

### CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2025, I electronically filed the foregoing *Motion to Modify Conditions of Release* with the clerk of the court by using the CM/ECF system, which will send a Notice of Electronic Filing to the following: Zachary Hinkle and Emily Petro, Assistant U.S. Attorneys, 719 Church Street, Suite 3300, Nashville, TN 37203.

s/ *Mary Kathryn Harcombe*
MARY KATHRYN HARCOMBE

4